**DARBY & DARBY**
PROFESSIONAL CORPORATION

INTELLECTUAL PROPERTY LAW

805 THIRD AVENUE
NEW YORK, NY 10022-7513
TEL (212) 527-7700
FAX (212) 753-6237

**MEMORANDUM ENDORSED**

June 23, 2006

**ROBERT S. WEISBEIN**
PRINCIPAL
212.527.7715
weisbein@darbylaw.com

Reference: 00699/60031

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/06

**BY HAND**

JUN 23 2006

UNITED STATES DISTRICT JUDGE

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2250
New York, New York 10007-1312

Re: **Colgate-Palmolive Company v. J.M.D. All-Star Import and Export, Inc. and Ajay Sarin,** Civil Case No.: 06-CV-2857 LLS
**UNDER SEAL**

Dear Judge Stanton:

We represent Plaintiff, Colgate-Palmolive Company ("Colgate"). We are writing to you pursuant to your Individual Practice Rules which state that communications with chambers shall be by letter. Colgate respectfully requests that this matter remained sealed for an additional 30 days. Defendants do not object to this request.

This case was originally filed under seal in order to ensure that Defendants in this matter were not given advanced warning of the Court-ordered seizure raid which took place on Saturday, April 22, 2006. On Thursday, April 27, 2006, a Preliminary Injunction Hearing was held during which time the Court indicated that it would allow the case to remain under seal for an additional two months. The Court further indicated that it would give strong consideration to lifting the seal under which this case is currently filed after two months.

The two-month period granted was to provide Colgate with sufficient time to track down other potential suppliers of counterfeit Colgate product and to act accordingly. Although, progress has been made, the expedited discovery is not completed and Mr. Sarin's deposition has been adjourned and is scheduled to continue on July 7, 2006. As a consequence, it is possible that additional information may still come to light upon which Colgate-Palmolive would conceivably like to act (such as potentially unearthing additional sources of counterfeit Colgate toothpaste product) while the case remains under seal.

Additionally, Colgate has served two subpoenas on firms that provide customs brokerage services to J.M.D., and we are awaiting documents to be produced by

{W:\00699\6003119000\00779888.DOC}

# DARBY & DARBY

one of the customs brokers, which may identify additional sources of counterfeit Colgate product.

As discovery and the investigation into the sources of the counterfeit Colgate products are still ongoing, Colgate respectfully requests that the entire case remain under seal for an additional month (i.e., through July 31, 2006). We have discussed this request with counsel for Defendants and they do not object to the case remaining sealed for an additional 30 days.

*So ordered.*
*Louis L Stanton*
*6/26/06*

We are available for further discussion of this issue if the Court determines that a conference is necessary before acting on Plaintiff's requests.

Sincerely yours,

Robert S. Weisbein

RSW:jol

cc: Anita Yeung, Esq. (by email)
Thomas Catalano, Esq. (by email)
Steven Mancinelli, Esq. (by email)